IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| JONATHAN SILVERSKY, | ) | Cause No. CV 10-12-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER and |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF |
| WARDEN SAM LAW; | ) | U.S. MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

On February 3, 2010, Petitioner Jonathan Silversky filed a petition for writ of habeas corpus, seeking to challenge the validity of his conviction in Fallon County in 2002. He is a state prisoner proceeding pro se.

I. Motion to Proceed In Forma Pauperis

After reviewing Silversky's motion and supporting account

statement, I find that he has sufficiently shown that he cannot afford to pay all costs that may be associated with this action.  The motion to proceed in forma pauperis will be granted.

## II. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Id.  If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order."  Id.

## III. Background and Analysis

Silversky lists eight claims for relief.  Br. in Supp. (doc. 2) at 1-2.

### A. Second Federal Habeas Petition

Silversky filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court on November 19, 2004.  Silversky v. Mahoney, Cause No. CV 04-154-BLG-RFC-RWA (D. Mont. filed Nov. 19, 2004).   He

challenged his conviction for incest, a violation of Mont. Code Ann. § 45-5-507, in Fallon County in February 2002.  On April 26, 2006, the petition was dismissed with prejudice as procedurally defaulted.  Order (doc. 15) at 2, <u>Silversky</u>, No. CV 04-154-BLG.  A certificate of appealability was denied in this Court on May 23, 2006, Order (doc. 22) at 2, <u>Silversky</u>, No. CV 04-154-BLG.  Silversky did not appeal.

Claims 2, 4, 5, and 6 of the petition, <u>see</u> Br. in Supp. at 1, 6-7, 10-14, like the claims in his first petition, are directed at the validity of his incest conviction in Fallon County in 2002.  This Court lacks jurisdiction to consider those claims.  28 U.S.C. § 2244(b)(1), (2); <u>Burton v. Stewart</u>, 549 U.S. 147, 149 (2007) (per curiam).  They must be dismissed.

While transfer to the Court of Appeals might be appropriate under other circumstances, it is not in the interest of justice here, 28 U.S.C. § 1631, because Silversky's original petition was plainly barred by procedural default and because he did not appeal from that determination.  Neither the petition nor the attached brief suggest that Silversky could meet the stringent requirements of 28 U.S.C. § 2244(b)(2), and, in addition, his new claims would almost certainly be barred under the one-

ORDER AND FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

year federal statute of limitations, 28 U.S.C. § 2244(d)(1).  Silversky may apply to the Ninth Circuit Court of Appeals for leave to file a second or successive petition, but transfer is not warranted.

B. New Claims

Some of Silversky's claims could not have been raised in his original petition.  They are not "second or successive" within the meaning of 28 U.S.C. § 2255(b).  Hill v. Alaska, 297 F.3d 895, 898 (9th Cir. 2002).  The Court will assume, without deciding, that Silversky could state a claim for federal habeas relief based on a Montana Supreme Court decision issued years after his conviction and sentence became final.

1. "Resentencing"

Silversky claims that the Montana Supreme Court "resentenced" him when it denied his habeas petition on January 22, 2009.  Br. in Supp. of Pet. at 1, 3-6 ("Claim 1").  His sentence was not amended or altered. The Montana Supreme Court held that his sentence, as originally imposed, was not facially invalid.  Silversky v. Law, No. OP 08-0539 (Mont. Jan. 22, 2009) (doc. 2-1 at 5-6).  To the extent Silversky argues that the Montana Supreme Court misapplied Montana law, neither this Court

ORDER AND FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

nor the United States Supreme Court may question the Montana Supreme Court's interpretation of Montana law. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); <u>Wisconsin v. Mitchell</u>, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute."). To the extent Silversky argues that state law was violated in some respect, "federal habeas corpus relief does not lie for errors of state law." <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990).

### 2. Conflict of Interest

Silversky also claims that the Montana Supreme Court's decision in his habeas case was marred by a "prohibited 'conflict of interest,'" Br. in Supp. at 1, 7, because Chief Justice McGrath participated in the case despite his previous role as Attorney General of the State of Montana ("Claim 3"). Silversky offers no reason to believe that, as Attorney General, Chief Justice McGrath was personally involved in his case. Silversky's allegation falls far short of showing a "serious, objective risk of actual bias." <u>Caperton v. A.T. Massey Coal Co., Inc.</u>, __ U.S. __, 129 S.

Ct. 2252, 2265 (2009).

### 3. Amendment and Appointment of Counsel

Finally, Silversky asks the Court to issue a writ of habeas corpus because he was denied an opportunity to amend his habeas petition in the Montana Supreme Court and he was not appointed counsel "in his remedy attempts" ("Claims 7 and 8"). Br. in Supp. at 2, 14-15. No federal law requires the state courts to provide pro se litigants an opportunity to amend a pleading. No federal law requires the state courts to appoint counsel to represent persons making collateral challenges to their convictions. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1985). These claims fail to allege a violation of federal law, contrary to 28 U.S.C. § 2254(a).

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases.

### A. Governing Law

"A certificate of appealability may issue . . . only if the applicant has

ORDER AND FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); <u>Hohn v. United States</u>, 524 U.S. 236 (1998); <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1024 (9th Cir. 2000). Silversky "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate to deserve encouragement to proceed further,'" <u>Lozada v. Deeds</u>, 498 U.S. 430, 432 (1991) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

B. Discussion

The application of 28 U.S.C. § 2244(b) to Silversky's claims regarding the validity of his conviction or sentence is clear and beyond doubt. A COA is not warranted.

As to the claims based on a factual predicate that did not exist when Silversky filed his first federal petition in 2004, he wrongly states that the Montana Supreme Court "resentenced" him. Instead, it disagreed with his interpretation of Montana law, and that is no basis for federal habeas relief. He does not fairly allege a due process violation based on Chief Justice McGrath's participation in the decision of his case, despite the

Chief Justice's former role as Attorney General of the State of Montana. His last two claims regarding an opportunity to amend his petition in state court and the appointment of counsel in collateral proceedings fail to allege a violation of federal law.   There is no reason to encourage further proceedings on these claims.  A COA is not warranted.

V. Motion for Counsel

Silversky's petition is not so legally complex that his pro se status poses the threat of a due process violation.  <u>Bonin v. Vasquez</u>, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)).  Federal law simply does not allow for repeated challenges to state convictions in federal court.  Silversky's other claims have no support in the law.  Counsel will not be appointed.

Based on the foregoing, the Court enters the following:

ORDER

1.   Silversky's motion to proceed in forma pauperis (doc. 3) is GRANTED.  The Clerk of Court shall waive the filing fee.

2.   Silversky's motion for the appointment of counsel (doc. 4) is

DENIED.

The Court also enters the following:

## RECOMMENDATION

1.  Claims 2, 4, 5, and 6 should be DISMISSED for lack of jurisdiction because they are unauthorized successive claims under 28 U.S.C. § 2244(b);

2.  Claims 1, 3, 7, and 8 should be DENIED on the merits;

3.  A certificate of appealability should be DENIED; and

4.  The Clerk of Court should be directed to enter judgment of dismissal of Claims 2, 4, 5, and 6, and a judgment in favor of Respondents and against Silversky on Claims 1, 3, 7, and 8.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection

ORDER AND FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9

is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

Petitioner must immediately inform the Court of any change in his mailing address.  Failure to do so may result in dismissal of the case without notice to him.

DATED this 9th day of February, 2010.


/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge


ORDER AND FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 10