IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS DIV.

2010 MAR 22 PM 1 27

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| JONATHAN SILVERSKY, | CV 10-12-BLG-RFC |
| Petitioner, | |
| vs. | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |
| WARDEN SAM LAW; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*Doc. 6*) regarding the Petition filed in this case. Magistrate Judge Ostby recommends that this case be dismissed.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Plaintiff has filed timely objections. *Doc. 7.* Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

1

Petitioner previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court on November 19, 2004. *Silversky v. Mahoney*, Cause No. CV 04-154-BLG-RFC-RWA (D. Mont. filed Nov. 19, 2004). Petitioner challenged his conviction for incest, a violation of Mont. Code Ann. § 45-5-507, in Fallon County in February 2002. On April 26, 2006, the petition was dismissed with prejudice as procedurally defaulted and a certificate of appealability was denied. Petitioner did not appeal that ruling.

Claims 2, 4, 5, and 6 of the petition, like the claims in his first petition, are directed at the validity of his incest conviction in Fallon County in 2002. This Court lacks jurisdiction to consider those claims and they must be dismissed. 28 U.S.C. § 2244(b)(1), (2); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Some of Petitioner's claims could not have been raised in his original petition. They are not "second or successive" within the meaning of 28 U.S.C. § 2255(b). *Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir. 2002). The Court will assume that Petitioner could state a claim for federal habeas relief based on a Montana Supreme Court decision issued years after his conviction and sentence became final.

With regard to Petitioner's claim that the Montana Supreme Court "resentenced " him when it denied his habeas petition on January 22, 2009, his sentence was not amended or altered. The Montana Supreme Court held that his sentence was not facially invalid. *Silversky v. Law*, No. OP 08-0539 (Mont. Jan. 22, 2009). Additionally, neither this Court nor the United States Supreme Court may question the Montana Supreme Court's interpretation of Montana law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner also claims that the Montana Supreme Court's decision in his habeas case was tainted by a "prohibited 'conflict of interest,'" because Chief Justice McGrath participated in the case. However, Petitioner offers no reason to believe that Chief Justice McGrath was personally involved in his case during his time as Attorney General. This allegation falls short of showing a "serious, objective risk of actual bias." *Caperton v. A.T. Massey Coal Co., Inc.*, __ U.S. __, 129 S.Ct. 2252, 2265 (2009).

Finally, Petitioner claims he is entitled to relief because he was denied an opportunity to amend his habeas petition in the Montana Supreme Court and he was not appointed counsel "in his remedy attempts." No federal law requires the state courts to provide pro se litigants an opportunity to amend a pleading. No federal law requires the state courts to appoint counsel to represent persons

3

making collateral challenges to their convictions. *Pennsylvania v. Finley*, 481

U.S. 551, 555 (1985). These claims fail to allege a violation of federal law,

contrary to 28 U.S.C. § 2254(a).

After a de novo review, the Court determines the Findings and

Recommendation of Magistrate Judge Ostby are well grounded in law and fact and

HEREBY ORDERS they be adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.  Claims 2, 4, 5, and 6 are DISMISSED for lack of jurisdiction because

    they are unauthorized successive claims under 28 U.S.C. § 2244(b);

2.  Claims 1, 3, 7, and 8 are DENIED on the merits;

3.  A certificate of appealability is DENIED; and

4.  The Clerk of Court is directed to enter judgment of dismissal on

    Claims 2, 4, 5, and 6, and a judgment in favor of Respondents and

    against Petitioner on Claims 1, 3, 7, and 8.

5.  The Clerk of Court shall notify the parties of the making of this Order

    and close this case accordingly.

DATED this 22 day of March, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

4